McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
Federal Building, Room 3654
1130 "O" Street
Fresno, California 93721
Telephone: (559) 498-7272
Facsimile: (559) 498-7432

Attorneys for Defendant Anthony J. Principi,
   Secretary of the U.S. Department of Veterans Affairs

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND LEGARRETA, ) | 1:02-cv-06634-AWI-DLB |
| ) | |
| Plaintiff, ) | **STIPULATION OF DISMISSAL** |
| ) | **WITH PREJUDICE PURSUANT TO** |
| v. ) | **SETTLEMENT;** |
| ) | |
| ANTHONY J. PRINCIPI, ) | **ORDER CLOSING CASE** |
| Secretary of the U.S. ) | |
| Department of Veterans ) | |
| Affairs, ) | |
| ) | |
| Defendants. ) | |

   Plaintiff RAYMOND LEGARRETA and Defendant Anthony J. Principi, Secretary of the U.S. Department of Veterans Affairs, by and through undersigned counsel, hereby stipulate to dismissal of the action with prejudice, pursuant to a Settlement Agreement entered into by the parties, effective November 3, 2005.  Each party shall bear their/its own costs.  The parties request that
///
///
///
///
///

the Court retain jurisdiction to enforce the Settlement Agreement.

                                    Respectfully submitted,

Dated: December _1__, 2005      McGREGOR W. SCOTT
                                    United States Attorney

                              By:  /s/Brian W. Enos
                                   BRIAN W. ENOS
                                   Assistant U.S. Attorney
                                   Attorneys for Defendant
                                   Anthony J. Principi, Secretary
                                   of the U.S. Department of
                                   Veterans Affairs

                                    Respectfully submitted,

Dated: December __6_, 2005

                              By:  _/s/Suzanne Kehde_
                                   Suzanne Kehde
                                   Attorney for Plaintiff
                                   Raymond LeGarreta

**ORDER**

Rule 41(a)(1), in relevant part, reads:

an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

1  Rule 41(a)(1)(ii) thus allows the parties to dismiss an action
2  voluntarily, after service of an answer, by filing a written
3  stipulation to dismiss signed by all of the parties who have
4  appeared, although an oral stipulation in open court will also
5  suffice.  <u>Carter v. Beverly Hills Sav. & Loan Asso.</u>, 884 F.2d
6  1186, 1191 (9th Cir. 1989); <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472-
7  73 (9th Cir. 1986).  Once the stipulation between the parties who
8  have appeared is properly filed or made in open court, no order
9  of the court is necessary to effectuate dismissal.  Fed. R. Civ.
10 Pro. 41(a)(1)(ii); <u>Eitel</u>, 782 F.2d at 1473 n.4.  "Caselaw
11 concerning stipulated dismissals under Rule 41(a) (1) (ii) is
12 clear that the entry of such a stipulation of dismissal is
13 effective automatically and does not require judicial approval."
14 <u>In re Wolf</u>, 842 F.2d 464, 466 (D.C. Cir. 1989); <u>Gardiner v. A.H.
15 Robins Co.</u>, 747 F.2d 1180, 1189 (8th Cir. 1984); <u>see also</u> <u>Gambale
16 v. Deutsche Bank AG</u>, 377 F.3d 133, 139 (2d Cir. 2004); <u>Commercial
17 Space Mgmt. Co. v. Boeing Co.</u>, 193 F.3d 1074, 1077 (9th Cir.
18 1999) <u>cf</u>. <u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir.
19 1997) (addressing Rule 41(a)(1)(I) dismissals).  "The plaintiff
20 may dismiss some or all of the defendants, or some or all of his
21 claims, through a Rule 41(a)(1) notice," and the dismissal
22 "automatically terminates the action as to the defendants who are
23 the subjects of the notice."  <u>Wilson</u>, 111 F.3d at 692; <u>Concha v.
24 London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995).

    Because Plaintiff has filed a stipulation for dismissal with
25 prejudice as to all parties under Rule 41(a)(1)(ii) that is
26 signed by all parties who have made an appearance, this case has
27 terminated.  <u>See</u> Fed. R. Civ. Pro. 41(a)(1)(ii); <u>In re Wolf</u>, 842

3

F.2d at 466; <u>Gardiner</u>, 747 F.2d at 1189; <u>see also</u> <u>Gambale</u>, 377 F.3d at 139; <u>Commercial Space Mgmt</u>, 193 F.3d at 1077; <u>cf.</u> <u>Wilson</u>, 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that the Clerk close this case in light of Plaintiff's filed and properly signed Rule 41(a)(1)(ii) Stipulation For Dismissal With Prejudice.

IT IS SO ORDERED.

**Dated:   December 8, 2005**                   **/s/ Anthony W. Ishii**
0m8i78                                         UNITED STATES DISTRICT JUDGE